**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-60325
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM EDDIE MORGAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:92-CR-007-S-D)

October 27, 1995

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

In his appeal from the order of the district court revoking supervised release and imposing renewed incarceration, Defendant-Appellant William Eddie "Bucky" Morgan contends that the government

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

failed to prove by a preponderance of the evidence that he had breached the terms of his supervised release, and that the district court erred by considering improper factors in imposing sentence and by departing upwardly. Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

Events leading to Morgan's finding himself on supervised release are not germane to this appeal. It suffices that following a period of federal incarceration Morgan was serving a three-year term of supervised release, subject to both standard conditions and special conditions. The latter included prohibitions from possessing a firearm and having any contact or communication with one Brenda Kay Buskirk.

About a year into Morgan's term of supervised release the government moved to revoke it, alleging various assaults on other women as well as possession of a firearm and possession of marijuana. Following the revocation hearing the district court found that the government had failed to prove the marijuana and assault allegations by a preponderance of the evidence but had proved violation of the special firearms condition of his supervised release.

Based on a determination that the Guidelines did not adequately cover Morgan's situation, together with evidence of a nexus between his mental problems and relational problems with women, the district court determined that an upward departure was necessary to accommodate a sufficiently long mental treatment to

2

accommodate rehabilitation. The court sentenced Morgan to 24 months' imprisonment and ordered "that he be placed in a facility which provides for intensive, structured mental health counseling." Morgan timely appealed, asserting the errors described above.

II

ANALYSIS

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated."[1] A decision to revoke supervised release is reviewed for abuse of discretion.[2] We have now carefully reviewed the record in this matter and the applicable law as set forth in briefs of counsel and as determined independently. As a result of this review, we are satisfied that the district court committed no reversible error. The evidence of Morgan's firearms possession consisted largely of the testimony of Police Officer Spradlin and one Becky Morgan, whose testimony the district court credited. Such evidence is sufficient to meet the preponderance test and demonstrate that Morgan had violated the firearms condition of supervised release. The district court did not abuse its discretion in revoking Morgan's supervised release based on his violation of the firearms condition.

As noted, Morgan also challenged the district court's upward departure to achieve a sentence of 24 months' imprisonment. As

---

[1] United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995), petition for cert. filed, (U.S. Aug. 21, 1995) (No. 95-5662).

[2] Id.

3

that sentence was within the statutory maximum,[3] it was not unlawful. Our review of the district court's reasons for its sentence shows that the court considered not only Morgan's rehabilitative needs but also his history of violence and dysfunctional relationships with women as well as the potential threat he poses to women. As the court properly considered the factors in accordance with § 3583(e), the sentence imposed is not plainly unreasonable.

The court's revocation of Morgan's supervised release and its imposition of the 24 months' term of imprisonment are, in all respects,

AFFIRMED.

---

[3] See 18 U.S.C. § 3583(e)(3).